IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Philip Woods,<br><br>                Petitioner,<br><br>vs.<br><br>Warden of Lee County Correctional Institution,<br><br>                Respondent. | C/A No. 0:11-2938-SB-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Philip Woods ("Woods"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 12.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 13.) Woods filed a response in opposition. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court finds that Woods's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Woods was indicted in October 2002 in Florence County for first-degree burglary, attempted first-degree criminal sexual conduct, and attempted third-degree criminal sexual conduct (02-GS-21-1614). Woods was represented by James T. McBratney, Jr., Esquire, and on September 22-24, 2003 was tried by a jury and found guilty as charged. (ECF No. 11-17 at 79.) The circuit court sentenced Woods to twenty-five years' imprisonment for first-degree burglary, twenty-five years' imprisonment

for attempted first-degree criminal sexual conduct, and ten years' imprisonment for attempted third-degree criminal sexual conduct, all sentences to be served concurrently. (Id. at 84.)

Woods timely appealed and was represented by John C. Miles, Sr., Esquire, who filed a final brief on Woods's behalf on December 6, 2004. (ECF No. 11-1.) On July 26, 2005 the South Carolina Court of Appeals affirmed Woods's convictions and sentences. (State v. Woods, Op. No. 05-UP-470 (S.C. Ct. App., July 26, 2005), ECF No. 11-3.) The remittitur was issued on August 11, 2005. (ECF No. 11-4.)

Woods filed a *pro se* application for post-conviction relief ("PCR") on July 26, 2007. (Woods v. State of South Carolina, 07-CP-21-1240, ECF No. 11-5.) The State filed a return and moved to dismiss the application as untimely. (ECF No. 11-6.) The PCR court issued a conditional order of dismissal on August 13, 2008. (ECF No. 11-7.) Woods filed *pro se* objections to the PCR court's conditional order on September 16, 2008. (ECF No. 11-8.) On December 18, 2008, the PCR court held a hearing at which Woods appeared and testified and was represented by Charles T. Brooks, III, Esquire. By order filed January 8, 2009, the PCR judge found Woods's PCR application was untimely filed and denied and dismissed the application with prejudice. (ECF No. 11-9.)

Woods, through counsel, appealed the decision of the PCR court. (ECF No. 11-10.) In the notice of appeal, Charles T. Brooks, III, Esquire, noted that as he was unable to set forth any arguable basis as to why the PCR court's decision was improper as required by Rule 243(c)[1] of the South Carolina Appellate Court Rules, he had advised Woods that he had twenty days to file a *pro se* explanation. On February 10, 2009 the South Carolina Supreme Court issued an order dismissing Woods's appeal for failure to provide an explanation pursuant to South Carolina Appellate Court

---

[1] This Rule was formerly numbered as South Carolina Appellate Court Rule 227(c).



Rule 243(c). (ECF No. 11-11.) The remittitur was issued February 27, 2009. (ECF No. 11-12.) Woods filed the instant Petition for a writ of habeas corpus on October 25, 2011.[2] (ECF No. 1.)

**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Woods's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Woods filed a direct appeal, his conviction became final on August 11, 2005, the date the South Carolina Court of Appeals entered the remittitur.[3] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on August 12, 2005 and expired on August 11, 2006, unless the period was at any time tolled

---

[3] Because Woods did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

*PJG*

for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Woods filed his state PCR application on July 26, 2007. However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Woods's 2007 PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action. Accordingly, Woods's statutory deadline expired on August 11, 2006. Woods's federal Petition was filed on October 25, 2011—over five years after the expiration of the statute of limitations.

C. **Woods's Arguments**

In his opposition memorandum to the respondent's motion, Woods "renew[s] his contention" that his direct appeal counsel failed to file a timely PCR application on Woods's behalf and that this failure resulted in his PCR application being dismissed as untimely—an argument that was raised to and ruled upon by the PCR court. (ECF No. 17 at 5.) He further appears to argue that his general lack of knowledge of the law and basic court procedures present extraordinary circumstances. (Id.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Woods must show that the one-year limitations period should be equitably tolled under



applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Woods has not established grounds for equitable tolling. First, even assuming that he was relying on his direct appeal counsel to file a PCR application on his behalf, garden variety attorney negligence generally is not a proper basis for equitable tolling.[4] See Holland, 130 S. Ct. 2549. He has presented no extraordinary circumstances preventing him from diligently pursuing his rights to timely file a *pro se* PCR application or federal habeas petition. Furthermore, even if the court were to consider as tolled the time period between the date on which Woods filed his PCR application and the date the South Carolina Supreme Court issued the remittitur dismissing Woods's PCR appeal on February 27, 2009, Woods still failed to timely file his federal Petition.

---

[4] The court observes that the PCR court expressly rejected Woods's contention that he instructed his direct appeal counsel to file a PCR application, finding counsel's contradiction of the assertion to be credible. (ECF No. 11-9 at 4.)



To the extent that Woods alleges that he is entitled to equitable tolling due to lack of knowledge of the law, Woods's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

## RECOMMENDATION

Based upon the foregoing, the court finds that Wood's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 12) be granted and Woods's Petition dismissed as untimely.

_____
Paige J. Gossett

April 17, 2012  UNITED STATES MAGISTRATE JUDGE
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).